# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEAN E. GILBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9537-WBV-KWR** |
| **SIDNEY H. CATES, IV, ET AL** | **SECTION "D" (4)** |

## ORDER AND REASONS

Before the Court is the plaintiff's Motion to Recuse Judge Vitter and Magistrate Roby or to Stay the Matter Until Plaintiff's Memorandum of Law for Recusal is Filed[1] and the plaintiff's Motion to Disqualify Judge Pursuant to 28 U.S.C.A. §§ 144, 455, Due to Her Bias Against Him through Her Familial and Possible Financial Interests in a Defendant.[2] After considering the briefs submitted by Plaintiff and the applicable law, for the reasons expressed below, the Motions are DENIED.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2019, Plaintiff Dean Gilbert filed suit in Civil District Court for the Parish of Orleans against Sidney H. Cates, IV, individually and in his official capacity as Judge of the Orleans Parish Civil District Court, Dwight A. Gilbert, individually and in his capacity as Administrator for the Succession of Bernadette Gaines Gilbert, Thomas J. Cortazzo, individually and as counsel for the Succession of Bernadette Gaines Gilbert, Darryl M. Gilbert, individually and as an heir to the Succession of Bernadette Gaines Gilbert, and Debra Dave, as agent to the Succession of Bernadette

---

[1] R. Doc. 8.
[2] R. Doc. 21.

Gaines Gilbert. Plaintiff alleges that Judge Cates presided as the elected judge of the Orleans Parish District Court and, in that capacity, deducted $13,000.00 from the plaintiff's inheritance, for a motor vehicle. Plaintiff claims that "[t]he price was an inflated automobile value that failed to deduct the value of plaintiff's inheritance."[3] Plaintiff further alleges that the title transfer of the vehicle revealed that it was not owned by the Succession, thus Judge Cates allowed the succession to overcharge for a vehicle it did not even own.[4] Plaintiff claims that the court took these actions to enrich its campaign contributor and retaliate against the plaintiff.[5]

In his state court complaint, Plaintiff names Darryl Gilbert as a defendant in his individual and official capacities as an agent with the Drug Enforcement Agency.[6] Dwight Gilbert is named as a defendant in his individual capacity and as administrator of the Succession of Bernadette Gaines Gilbert.[7] Thomas Cortazzo is named as a defendant in his individual and professional capacity as the attorney who represented Dwight A. Gilbert, Darryl M. Gilbert, the late Dean E. Gilbert, Sr., and the Succession of Bernadette Gaines Gilbert.[8] Debra Dave is named as a defendant in her individual and official capacity as acting agent for the Succession of Bernadette Gaines Gilbert.[9] Plaintiff did not allege any facts particular to defendants Darryl Gilbert, Dwight Gilbert, Thomas Cortazzo, and Debra Dave other than that he is

---

[3] R. Doc. 1, Exhibit 2, ¶ 7.
[4] *Id.*, ¶ 9.
[5] *Id.*, ¶ 11.
[6] *Id.*, ¶ 3.
[7] *Id.*, ¶ 4.
[8] *Id.*, ¶ 5.
[9] *Id.*, ¶ 6.

suing them individually and in their official capacities.[10] In the state court complaint, Plaintiff seeks compensatory damages, punitive damages, interest, costs of suit and such other and further relief as the Court may deem just and proper.[11]

Defendant Thomas Cortazzo timely filed a Notice of Removal on April 18, 2019, asserting jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. On April 25, 2019, Defendant Cortazzo filed a Motion to Dismiss for Failure to State a Claim.[12] Thereafter, Defendants Cates, Dave, and Dwight Gilbert filed separate Motions to Dismiss.[13] The record does not reflect that Defendant Darryl Gilbert has been served in this case.[14] On June 17, 2019, Plaintiff filed a Motion to Recuse Judge Vitter and Magistrate Roby.[15] Plaintiff asserted in that Motion that he would supplement the Motion with a memorandum and requested time to do so. On February 14, 2020, the Court, noting that Plaintiff did not file any responses to the Motion to Dismiss, and further noting that Plaintiff was acting in a *pro se* capacity, issued an Order giving the plaintiff an additional ten days from the date of the Order to respond to the pending motions.[16] Plaintiff then filed a Motion for an extension of time to respond, requesting an additional 21 days to respond or whatever amount of time deemed appropriate by this Honorable Court.[17] The Court granted that Motion and allowed

---

[10] R. Doc. 1, Exhibit 2.
[11] *Id.*
[12] R. Doc. 5.
[13] R. Docs. 11, 13, 14, respectively.
[14] R. Doc. 15.
[15] R. Doc. 8.
[16] R. Doc. 17.
[17] R. Doc. 18.

Plaintiff an additional two weeks (14 days) to respond to the motions.[18] Instead of filing any responses, Plaintiff then filed this Motion to Disqualify Judge[19] and another motion for a further extension of time to respond to the pending motions.[20] The Court granted Plaintiff's motion for additional time and granted plaintiff an additional week to respond. As of the date of this Order, Plaintiff has not filed a response to the Motions to Dismiss filed by defendants Cates, Cortazzo, and Dwight Gilbert.

In his original Motion to Recuse,[21] filed on June 17, 2019, Plaintiff moves to recuse the trial court judge as well as the Magistrate Judge. Plaintiff alleges that he will "evince Judge Vitter's familial and historic ties to one of the defendants. These ties and connections will impair her ability to issue impartial rulings."[22] Plaintiff further alleges that "in her previous ruling, Magistrate Roby disavowed any connection to the defendants. In his memorandum of law, the plaintiff will present documentation refuting Judge Roby's assertions."[23] No memorandum of law is included with the filing and no accompanying memorandum has been filed since that filing; however,

---

[18] R. Doc. 19.
[19] R. Doc. 21.
[20] R. Doc. 22.
[21] R. Doc. 8.
[22] *Id.*
[23] R. Doc. 8. Plaintiff brings up the magistrate judge's previous ruling. This plaintiff previously filed a case in this Court, *Gilbert v. Cates, et al.*, Civil Action No. 17-cv-4786-JTM-KWR, alleging the same facts as in this matter and against the same defendants as well as additional defendants. In that matter, plaintiff also moved to recuse the trial judge and the magistrate judge. Both the trial and magistrate judge issued separate rulings denying the respective motions for recusal. *See* R. Docs. 110, 116. The trial court granted the defendants' motions to dismiss in that matter. *See* R. Docs. 93, 95. That ruling was appealed to the United States Court of Appeals for the Fifth Circuit and, on May 17, 2019, dismissed for want of prosecution. *See* R. Doc. 119. This matter was instituted while the appeal was pending in that matter.

on March 11, 2020, Plaintiff filed a Motion to Disqualify Magistrate Judge, which has been referred to the Magistrate Judge for ruling.[24]

On March 5, 2020, Plaintiff filed the Motion to Disqualify Judge[25] alleging that Judge Vitter has "a personal bias or prejudice against him and for a former managing partner of Baldwin Haspel Burke & Mayer: the Defendant Thomas Cortazzo."[26] Plaintiff attaches an Affidavit from himself asserting that "members of Judge Vitter's family were employed at Baldwin [Law Firm] including her late father."[27] Plaintiff asserts that much of the historical source of the present controversy arises from the law firm's allegedly fraudulent actions and that Judge Vitter "is an actual scion of the law firm."[28] Plaintiff further claims that "Any allegation made against Baldwin, its employees, its clients and/or former employees can be viewed as an assault upon Judge Vitter's friends, family members or family's legacy."[29] Attached to the motion are two obituaries, one of Cuthbert S. Baldwin dated May 1, 1969, and one of Richard C. Baldwin dated April 20, 1980.[30]

## II. LAW AND ANALYSIS

28 U.S.C. § 455 states "Any. . . judge . . . shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Further, she "shall also disqualify [herself] in the following circumstances:

---

[24] R. Doc. 24 and 25.
[25] R. Doc. 21.
[26] Id.
[27] Id., Exhibit 1.
[28] Id.
[29] Id.
[30] R. Doc. 21, Exhibit A and Exhibit B.

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served such association as a lawyer concerning the matter, or the judge or such lawyer has ben a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
  (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
  (ii) Is acting as a lawyer in the proceeding;
  (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
  (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

"[A] judge faced with a potential ground for disqualification ought to consider how [her] participation in a given case looks to the average person on the street."[31] The Plaintiff argues that recusal is necessary because Judge Vitter's father was once employed by the law firm that employs one of the defendants in this matter. In support of that allegation, the Plaintiff attaches as an exhibit Judge Vitter's father's obituary from 1980 which states that he was associated with that law firm at one time. Plaintiff also attaches the 1969 obituary of Cuthbert Baldwin. The Court notes

---

[31] *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980).

that Cuthbert Baldwin was the husband of Judge Vitter's grandmother's sister. Richard Baldwin was the judge's father. Both, as noted in the obituaries, have been deceased for decades. The Plaintiff does not make any allegation that the judge is associated with that law firm other than through her deceased father. It is noted that the judge's father died in 1980 and any employment with the Baldwin Haspel Law Firm would have taken place in the 1950s or 1960s as an associate, not a partner. The Court further notes that she has no recollection of such employment as her father was employed at two separate law firms during the last twenty years of his life, neither being the Baldwin Haspel Law Firm. The Court further notes that, if such employment by the judge's father occurred as an associate with that law firm, it was before she was born. The Court is not persuaded that a layperson would think that her impartiality might be questioned by the fact that her deceased father may have worked at one of the defendant's law firms more than fifty years earlier.

The Court further notes that, to the best of the judge's knowledge, the judge has never met the Plaintiff in this matter. Further, she has no personal relationship with Defendant Thomas Cortazzo. The Court states without reservation that it holds no personal bias or prejudice against the plaintiff, nor does it have any personal knowledge of any disputed issue, nor any issue regarding this matter. It does not appear that the Plaintiff makes that allegation. Further, the Court notes that the Plaintiff has failed to include any reason whatsoever for the recusal of the magistrate judge, despite his earlier filing wherein he indicated that he would provide supporting

documentation.[32] The Court is always mindful of the grounds for disqualification as well as the Code of Conduct for United States Judges and her responsibility under those canons.

## III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Recuse (R. Doc. 8) and Motion to Disqualify (R. Doc. 21) are each DENIED. The Clerk's Office shall send this Order to the plaintiff's address by way of certified and regular mail.

New Orleans, Louisiana, this 19th day of March, 2020.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[32] R. Doc. 8.