UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEAN E. GILBERT | CIVIL ACTION |
| VERSUS | NO. 19-9537-WBV-KWR |
| SIDNEY H. CATES, IV, ET AL. | SECTION "D" (4) |

## ORDER AND REASONS

Before the Court are the Defendant Thomas J. Cortazzo's Motion to Dismiss for Failure to State a Claim,[1] Defendant Sidney H. Cates, IV's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim,[2] Defendant Debra Dave's Motion to Dismiss with Prejudice,[3] Defendant Dwight A. Gilbert's Motion to Dismiss for Failure to State a Claim,[4] and Defendant Thomas J. Cortazzo's Motion for Permanent Injunction Against Continued Litigation of Matter Settled by Final Judgment of Federal Court.[5] Those motions are unopposed. After carefully considering the parties' memoranda and applicable law, the Court **GRANTS** all motions filed by the defendants and **DISMISSES WITH PREJUDICE** Plaintiff Dean Gilbert's claims against the defendants.

---

[1] R. Doc. 5.
[2] R. Doc. 11.
[3] R. Doc. 13.
[4] R. Doc. 14.
[5] R. Doc. 16.

I.   **FACTUAL BACKGROUND**

For the sake of judicial economy, the Court adopts the factual background in its previous Order.[6] The Court notes that this Court already dismissed with prejudice a previous suit filed by the plaintiff against the defendants in this case and other defendants, arising out of the same facts.[7] This action nearly mirrors the earlier filed suit in that the complaints are practically identical, the defendants filed motions to dismiss for failure to state a claim, and the plaintiff failed to respond to the motions. The Court further notes the great leniency afforded to Plaintiff Gilbert as a *pro se* plaintiff, granting three extensions of time to respond to motions filed several months ago.[8] In fact, the Court hand-delivered its Order granting a third extension.

II.   **LAW AND ANALYSIS**

A. **Motion to Dismiss**

To overcome a motion to dismiss, the plaintiff must plead a plausible claim for relief.[9] A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that the defendants are liable for the misconduct alleged.[10] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[11] In ruling on the defendants' motions, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the

---

[6] R. Doc. 30.
[7] *See Gilbert v. Cates, et al.*, Civil Action No. 17-4786-JTM-KWR.
[8] *See* R. Docs. 17, 19, 23.
[9] *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[10] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).
[11] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (per curiam).

plaintiff.[12] Although a complaint need not contain detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[13] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[14]

### B. Motion for Permanent Injunction

Federal courts have the inherent power to sanction a litigant for bad-faith conduct and manage its proceedings.[15] Courts have the "inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."[16] This power exists because otherwise, "the independence and constitutional role of Article III courts would be endangered."[17] This power also exists for Courts to ensure that the abuses of the judicial system are not repeated.[18]

Courts can sanction a litigant when he has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[19] A district court may upon motion or *sua sponte* impose a pre-filing injunction to deter vexatious filings.[20] In determining whether to

---

[12] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[13] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).
[14] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).
[15] *See Chambers v. NASCO, Inc.*, 591 U.S. 32 (1991).
[16] *Baum v. Blue Moon Venture, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).
[17] *Id.*
[18] *See Chambers*, 591 U.S. at 56.
[19] *Id.* at 45.
[20] *See Baum*, 513 F.3d at 189.

impose a pre-filing injunction, a court must weigh all relevant circumstances, including the following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* The traditional standards for injunctive relief, such as irreparable injury and inadequate remedy at law, do not apply to imposing a pre-filing injunction against a vexatious litigant.[21]

### C. *Res Judicata*

The Court adheres to the doctrine of *res judicata*. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[22] This doctrine "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication."[23]

### III. ANALYSIS

The plaintiff has submitted no opposition to any of the motions to dismiss other than motions to recuse the district and magistrate judges, which have been denied.[24]

---

[21] *See id.*
[22] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).
[23] *Id.*
[24] *See* R. Doc. 30. The Court is aware that on March 17, 2020, the plaintiff filed a motion to stay matters in this case, extend the March 17, 2020 deadline for his responses for the fourth time, consolidate cases, remand to state court, and appoint counsel. *See* R. Doc. 26. The Clerk's Office deemed these filings deficient. *See* R. Doc. 27. Plaintiff refiled these motions on March 18, 2020. *See* R. Doc. 29.

Defendants Cortazzo, Cates, Dwight Gilbert, and Dave have filed motions to dismiss, and Defendant Cortazzo filed a motion for permanent injunction against continued litigation of the matter settled by final judgment of the federal court.

The Court gives preclusive effect to the September 13, 2018 Order rendered by Section H of this Court in the plaintiff's previous suit arising out of the same facts. That Order dismissed with prejudice all of the plaintiff's claims against all of the defendants, most of which are named defendants in this action. Specifically, Section H in this Court in *Gilbert v. Cates, et al.*, Civil Action No. 17-4786-JTM-KWR, found that the plaintiff's complaint "recite[d] some background facts but [was] entirely devoid of factual allegations bearing on the claims that it list[ed]."[25] This Section applies the doctrine of *res judicata* to this case, but if the Court were to decide the merits of this action, it would find in favor of each defendant for failure to state a claim. The Complaint is entirely lacking in factual allegations as to the claims described against each defendant. Additionally, the Court would find that Defendant Cates is entitled to immunity in his official capacity as a judge, pursuant to the Eleventh Amendment to the United States Constitution. The Court declines to reach the defendants' other arguments.

Defendant Cortazzo moves for an injunction against continued litigation of this matter, alleging, "Mr. Gilbert's desire to endlessly litigate a matter which has already been fully resolved will continue to cause undue burden upon the defendants and to

---

[25] *Id.*, R. Doc. 93, p. 10.

the court system itself."[26] The Court considers all relevant circumstances of the action, including the following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008). The plaintiff has filed numerous lawsuits arising out of the same set of facts, even after his earlier-filed lawsuit was dismissed with prejudice. Clearly, the plaintiff fails to respect the finality of this Court's September 13, 2018 ruling, dismissing with prejudice the plaintiff's claims, which arise out of the same facts. This is evidenced by the plaintiff subsequent filing of two suits arising out of the same facts, including this action. The third lawsuit based on these same assertions was initially assigned to another Section in this Court and transferred to this Section.[27] Thus, three separate judges have spent time dealing with the same issue filed by the same plaintiff.

The plaintiff does not have a good faith basis for pursuing this action. The defendants are burdened by having to defend themselves in continuously filed lawsuits. The Court finds that alternative sanctions, such as imposing fees on the *pro se* plaintiff, would not be appropriate or effective. Therefore, the Court GRANTS the motion for an injunction.

---

[26] R. Doc. 16-1, p. 1.
[27] *Gilbert v. Cates, et al.*, Civil Action No. 19-13654-WBV-KWR, removed to this Court on November 15, 2019.

In addition, the Court DISMISSES the plaintiff's claims against Darryl M. Gilbert for failure to show cause why he should not be dismissed for failure to prosecute.[28]

Accordingly,

**IT IS ORDERED** that all motions to dismiss are **GRANTED**.[29] All of Plaintiff Dean Gilbert's claims against all defendants are hereby **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Order Transferring Case (R. Doc. 6) and Motion to Stay Matters and Extend[30] the March 17, 2020 Deadline for His Replies to April 17, 2020, Consolidate Cases, Remand Cases, and Appoint Counsel (R. Doc. 29) is **DENIED as MOOT**;

**IT IS FURTHER ORDERED** that Plaintiff's claims against Darryl M. Gilbert are dismissed for failure to prosecute;

**IT IS FURTHER ORDERED** that Defendant Thomas J. Cortazzo's Motion for Permanent Injunction Against Continued Litigation of Matter Settled by Final Judgment of Federal Court (R. Doc. 16) is **GRANTED**. Plaintiff Dean Gilbert is foreclosed from filing any new lawsuit arising out of the Succession of his mother, Bernadette Gains Gilbert, absent prior approval from the Court;

**IT IS FURTHER ORDERED** that the Clerk's Office shall send this Order to the plaintiff's address by way of certified and regular mail.

---

[28] *See* R. Docs. 15 and 17.
[29] R. Docs. 5, 11, 13, and 14.
[30] This motion is noted in the Court's previous ruling, but the Court notes again, here, that the plaintiff's request is for a fourth extension. The Court has already afforded great leniency to the plaintiff as a *pro se* litigant.

New Orleans, Louisiana, this 19th day of March, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**